**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRANT VALENCIA, | No. 20-55245 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00471-GW-GJS |
| v. | |
| COUNTY OF LOS ANGELES, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 9, 2021**
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Grant Valencia ("Valencia" or "Plaintiff") appeals from the district court's

order granting the County of Los Angeles' ("the County" or "Defendant") motion

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for summary judgment.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's grant of summary judgment de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).

1.      The district court correctly held that former sheriff's deputy Kenneth Collins was not "act[ing] within the scope of his employment when he recruited Plaintiff to his scheme and engaged in the illegal transport of controlled substances." Valencia asserts that there is a genuine dispute of material fact as to whether he agreed to participate in the scheme because he trusted Collins due to the relationship they fostered when Collins mentored him at the Emerging Leaders Academy (the "ELA"), the significance being that Collins may have been acting in the scope of his employment when he taught and mentored students as a sheriff's deputy at the ELA. However, such a factual dispute is not material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The issue is whether Collins was acting within the scope of his employment when committing the act that allegedly caused an injury to Valencia. *See* Cal. Gov't Code § 815.2. Here, the relevant act occurred when Collins asked Valencia to participate in the illegal scheme that led to

[1]      Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

Valencia's arrest. Collins was not acting within the scope of his employment as a sheriff's deputy when he asked Valencia to be a part of the illegal scheme, years after both he and Valencia were no longer involved in the ELA, and where Collins initially re-established contact with Valencia on a personal basis by asking Valencia to get involved with Collins' life-coaching business, a private business endeavor.

2. The district court correctly held that "the undisputed facts are insufficient as a matter of law to establish a claim for negligent supervision or retention." No genuine dispute of material fact exists as to whether the County adequately investigated civilian theft complaints against Collins. Out of six complaints lodged against Collins, Valencia alleges that the County inadequately investigated two. For a 2008 complaint, Valencia simply points out that it resulted in no determination, but does not explain why the investigation was inadequate. For the other investigation into a 2014 complaint, the record shows that the sheriff's department contacted the complainant and his attorney multiple times to collect evidence, but neither followed through to provide it. On this record, there is no genuine dispute of material fact regarding the adequacy of either investigation.

We also agree with the district court that "Collins' alleged propensity for stealing money from civilians has little relation to his ultimate act of recruiting

Plaintiff for an illegal drug transportation operation."  We see no reason why the County should have foreseen, due to the theft complaints, that Collins would one day recruit someone like Valencia for a drug-running scheme and therefore should not have retained Collins.  As the district court explained, "[l]iability is based upon the facts that the employer knew or should have known that hiring the employee created a *particular* risk or hazard and that *particular* harm materializes," quoting *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996) (emphases added and citation omitted).  The district court correctly concluded that "the hazard that Defendant[] [is] charged to have had reason to suspect [its] employment of Collins created—the risk of theft—is not similar to the harm that actually occurred— Collins' recruitment of Plaintiff into his illegal scheme to transport drugs."

3.	Finally, the district court properly rejected the *Monell* claim.  As noted, there is neither a genuine dispute of material fact regarding the adequacy of the investigations into Collins, nor the requisite connection between Collins' alleged propensity to steal money and his involvement in the transportation of drugs.  Because the County did not injure Valencia by its investigations of the complaints against Collins, or by its retention of Collins, Valencia was not injured by the "execution of a government's policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**AFFIRMED**.

4